IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:09-cr-20065-STA |
| DARRELL CRAWFORD, | ) |
| Defendant. | ) |

### ORDER TRANSFERRING SUCCESSIVE HABEAS PETITION
### TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

On August 7, 2019, Defendant Darrell Crawford filed a *pro se* motion apparently seeking relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and other cases cited in his motion and the First Step Act. (ECF No. 40.) The Court lacks authority to consider the motion.

On May 14, 2014, this Court entered judgment against Defendant on his Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 in civil case no. 2:12-cv-02014-STA-cgc. On January 4, 2018, the Court of Appeals denied Defendant's Motion for a Second or Successive Motion to Vacate Sentence. On June 6, 2017, United States District Judge Sheryl H. Lipman entered judgment against Defendant on his Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 in civil case no. 2:16-cv-02444-SHL-tmp.

The Court construes Defendant's motion in this case as a second or successive motion for relief under § 2255. Under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention

has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). A petitioner bringing a second, successive motion under § 2255 must first make a motion under 28 U.S.C. § 2244(b)(3) in the Court of Appeals "for an order authorizing the district court to consider the application." § 2244(b)(3). Under § 2255(h), a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h).

The Court has already determined the legality of Defendant's sentence in the two cases in which Defendant sought relief under § 2255. As such, the present motion filed on August 7, 2019, is a second or successive petition. However, Defendant has not shown that he made a motion for § 2244(b)(3) authorization with the Sixth Circuit prior to filing this § 2255 Motion with this Court. "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

Under the circumstances, the Court must transfer the present motion to the Sixth Circuit. The motion is therefore **TRANSFERRED** to the Court of Appeals for the Sixth Circuit.

    **IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 14, 2019.